WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Hinojosa, | No. CV-12-00921-TUC- BGM |
| Petitioner, | **ORDER** |
| v. | |
| J. T. Shartle, Warden, | |
| Respondent. | |

Currently pending before the Court is Petitioner Michael Hinojosa *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Respondent has filed his Return and Answer to Order to Show Cause Why Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 Should Not Be Granted ("Response") (Doc. 8). Petitioner did not file a reply.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary ("USP") – Beaumont in Beaumont, Texas, serving a 1440-month or 120 year sentence for multiple offenses including Sexual Exploitation of a Child; Distribution of Image of Minor

Engaging in Sexually Explicit Conduct; Possession of Images of Minors Engaging in Sexually Explicit Conduct; and Possession of Child Pornography. *See* Response (Doc. 8), Huband Decl. (Exh. "1"), Judgment & Commitment 3/13/208 (Attach. "2"). This term includes a concurrent sentence of lifetime supervised release. *Id.* In conjunction with Petitioner's convictions, the sentencing court ordered him to pay $26,200.00 in restitution. *Id.*, Exh. "1," Attach. "2" at 5. Petitioner was sentenced on March 10, 2008 in the United States District Court for the Western District of Michigan. *See id.*, Exh. "1," Attach. "2." The sentencing court did not order a specific payment schedule at the time Petitioner's sentence was imposed. *See id.*; *see also* Petition (Doc. 1) at 4. The restitution order provides that "[u]nless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment." Response (Doc. 8), Exh. "1," Attach. "2" at 6.

While incarcerated at USP–Tucson, Petitioner agreed to participate in the Inmate Financial Responsibility Program ("IFRP"). Petition (Doc. 1) at 4. On January 27, 2012, Petitioner agreed to pay $25 per quarter toward his court ordered restitution. Response (Doc. 8), Exh. "1," Inmate Financial Responsibility (Attach. "3") at 2. Petitioner's most recent payment was made on June 12, 2012, and his current restitution balance is $26,125. *Id.* When Petitioner "was unable to meet the obligation the contract required[,] [he] was again placed on 'IFRP Refuse' status." Petition (Doc. 1) at 4. "Petitioner then advised [the Warden] through a BP-9 that the IFRP participation requirement was being coerced and was in violation of the law." *Id.* "The BP-9 was denied[.]" *Id.*

On December 21, 2012, Petitioner filed the instant habeas petition. *See* Petition

(Doc. 1). Petitioner challenges his placement by the Federal Bureau of Prisons ("BOP") on "IFRP Refuse" status. Petition (Doc. 1) at 4.

## II. ANALYSIS

### A. *Jurisdiction*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, a proper characterization of the petition is necessary to a determination of jurisdiction. *Id.*

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence, rather he seeks relief with respect as to how the ordered restitution is being collected while he is incarcerated at a federal facility. Therefore, Petitioner is challenging the manner, location or condition of the execution of his sentence. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); *see also Ward v. Chavez*, 678 F.3d 1042 (9th

Cir. 2012) (considering whether district court impermissibly delegated its authority to BOP under the Mandatory Victims Restitution Act ("MVRA") under § 2241); *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008) (considering validity of IFRP requiring restitution payments at a greater rate than specified by the sentencing court under § 2241). Such a challenge must be brought pursuant to § 2241 in the custodial court. At the time of filing the Petition, Petitioner was incarcerated at USP – Tucson in Arizona. Accordingly, this Court has jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

### *B. Exhaustion*

#### 1. In General

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55, 115 S.Ct. 2021, 2023–24, 132 L.Ed.2d 46 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alterations in original)

- 4 -

(quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006)).

"Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Id.* (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Exhaustion may be excused if pursuing an administrative remedy would be futile. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (citing *Francis*, *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986)). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. *See Francis*, 894 F.2d at 355 (suggesting that the cause

and prejudice test is the appropriate test); *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647–48, 91 L.Ed.2d 397 (1986) (cause and prejudice test applied to procedural defaults on appeal); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906–08 (9th Cir. 1986) (cause and prejudice test applied to *pro se* litigants).

### 2. **BOP Administrative Procedures**

The BOP has established an administrative remedy process permitting an inmate to seek review of an issue relating to "any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Under that process, an inmate must first attempt to "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue" prior to the submission of a Request for Administrative Remedy. 28 C.F.R. § 542.13(a). If the matter is not informally resolved, the inmate shall submit "a formal written Administrative Remedy Request" (BP-9) to the Warden. *See* 28 C.F.R. § 541.14. "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a) "An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a). The deadlines contained within this process may be extended upon request by the inmate and a showing of a valid reason for delay. 28 C.F.R. § 542.15(a); 28 C.F.R. § 542.14(b). An appeal is considered filed on the date it is logged in the Administrative Remedy Index as received. 28 C.F.R. § 542.18. Once an appeal is filed, a Regional Director shall respond within 30 days;

- 6 -

General Counsel shall respond within 40 calendar days. *Id.* "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

### 3. Exhaustion in the Instant Case

Here, Respondent asserts that Petitioner has failed to exhaust his administrative remedies. Response (Doc. 8) at 4–5. Petitioner admits that he only filed a BP-9 grievance with the Warden, and when that was rejected filed the instant habeas petition. Petition (Doc. 1) at 4. Petitioner further stated his belief that "any further attempts at administrative resolution would be futile as it can be assumed that the same policy will be cited in any of the Petitioner's appeals." *Id.*

Petitioner challenges BOP's collection of restitution under the IFRP. The Ninth Circuit Court of Appeals in *Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012), considered the relationship between a federal criminal judgment ordering restitution and BOP's collection of such penalties pursuant to the IFRP. The *Ward* court found that "[f]or a restitution order to be lawful . . . [18 U.S.C.] § 3664 requires that the district court set a schedule in consideration of the defendant's financial resources. *Ward*, 678 F.3d at 1050. Where a district court "simply orders immediate repayment and leaves it to another agency, like the BOP, to actually set the payment schedule that the statute obligates the court to determine, that order is unlawful, as the district court has abdicated in its duty to set the schedule 'in consideration of' the financial circumstances of the defendant." *Id.* As such, the BOP "lacks the authority to collect restitution payments" through the IFRP where the sentencing court did not set forth a proper payment schedule in the restitution

- 7 -

order. *Id.* at 1051.

As a result of the decision in *Ward*, BOP has "altered the manner in which the Regional Office addresses administrative remedy requests about an inmate's IFRP participation." Response (Doc. 8) at 5. "Consistent with that holding, the BOP Western Regional Office now invites an inmate who challenges his participation in the IFRP, pursuant to a 'due immediately' restitution order, to submit for consideration any information related to whether the sentencing court considered the inmate's financial circumstances before ordering the restitution to be paid immediately." *Id.* at 5–6.

The Court finds that the use of the administrative process would have allowed BOP to correct the alleged error. Furthermore, its expertise is necessary to generate a proper factual record at the administrative level. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). As such, the Court declines to excuse Petitioner's failure to exhaust his administrative remedies. *See, e.g., Adkins v. Sanders*, 2013 WL 1090295 (C.D. Cal. Feb. 6, 2013); *Cornwell v. Sanders*, 2013 WL 692999 (C.D. Cal. Jan. 7, 2013).

## III. CONCLUSION

In light of Petitioner's failure to exhaust his administrative remedies, the Court will dismiss the Petition without prejudice.

. . .

. . .

. . .

. . .

- 8 -

Accordingly, IT IS HEREBY ORDERED that

(1) Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) is DISMISSED WITHOUT PREJUDICE; and

(2) The Clerk of the Court shall enter judgment and close its file in this matter.

Dated this 18th day of June, 2015.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge